UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

EMILE HUGGINS,

                         Plaintiff,

        -against-

MONARCH RECOVERY MANAGEMENT, INC.,

                         Defendant.

-----------------------------------------------------------------

**12 CIV 0715**

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

RECEIVED
JAN 27 2012
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs EMILE HUGGINS ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendant MONARCH RECOVERY MANAGEMENT, INC. ("Defendant" or "MONARCH"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1.      Plaintiffs brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and New York General Business Law §349.

### PARTIES

2.      Plaintiffs are residents of the State of New York, residing at 2055 McGraw Avenue Apt 2H, Bronx, NY 10462-8066.

3.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4.      Defendant MONARCH is a Pennsylvania company engaged in business of collecting debts with its principal place of business located at 10965 Decatur Road, Philadelphia, PA 19154.

5.     MONARCH is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

7.     The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10.     On information and belief, on a date better known to the Defendant, an unknown third party original creditor or creditors, either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to MONARCH for collection ("the alleged debt").

11.     The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12.     Upon information and belief, at some time during the past one year prior to the filing of this action, Defendant began its attempts at collecting the alleged debt from Plaintiff.

13.     In or about December 2011, Defendant began contacting Plaintiff via telephone and leaving voice mail messages.

14.     Defendant places several telephone calls each day to Plaintiff in an attempt to collect the alleged debt.

15.     Defendant's constant and continuous calls are abusive and harassing.

16.     Defendant voice mail messages identify MONARCH as a "debt collector" and that any information obtained will be used for the purpose of collecting the alleged debt.

17.     Defendant leaves said voice mail messages on Plaintiff's roommate's telephone and voice messaging system.

18.     Defendant disclosed to Plaintiff's roommate, an unauthorized third party, MONARCH's identity as a debt collector attempting to collect the alleged debt from Plaintiff.

19.     Defendant violated 15 U.S.C. §1692b and §1692c(b) prohibiting third party disclosure when Plaintiff's roommate heard the Defendant's voice mail messages disclosing MONARCH's identity as a "debt collector" and that Plaintiff was being contacted by MONARCH in an attempt collect the alleged debt.

20.     Defendant's actions caused the Plaintiff deep embarrassment and emotional stress when Plaintiff's roommate inquired as to why Plaintiff was receiving phone calls from a debt collection company, MONARCH is, why MONARCH calls and if Plaintiff is in serious trouble in violation of 15 U.S.C. §1692b and §1692c(b); §1692e-preface and (10) and §1692f-preface.

21.     Defendant failed to send a validation notice within 5 days of the initial communication with Plaintiff as required by 15 U.S.C. § 1692g.

22.     Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish, stress, and emotional distress as a result of Defendant's harassment and actions.

23.     Plaintiff suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

24.     Due to Defendant's violations of the FDCPA the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

25.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26.     Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

a.     15 U.S.C. §1692b.

b.     15 U.S.C. §1692c(b).

c.     15 U.S.C. §1692d-preface and (5).

d.     15 U.S.C. §1692e-preface, and (10).

e.     15 U.S.C. §1692f-preface, (1) and (5).

f.     15 U.S.C. §1692g.

27.     As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**SECOND CAUSE OF ACTION**
**NEW YORK STATE GENERAL BUSINESS LAW §349**

28.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated New York State General Business Law §349.

30.     As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff EMILE HUGGINS demands judgment from the Defendant MONARCH RECOVERY MANAGEMENT, INC. as follows:

A.      For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1) and New York State General Business Law §349;

B.      For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k(a)(2)(A);

C.      For any and all attorneys' fees, filing fees, service of process fees, court costs and other costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.      Nominal damages;

E.      A declaration that the Defendant's practices violated the FDCPA and New York State General Business Law §349;

F.      For an award of pre-judgment interest on all sums awarded and/or collected;

G.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff EMILE HUGGINS hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial.

Dated:       January 25, 2012

Respectfully submitted,

By: _____

Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:     (866) 479-9500
Facsimile: (866) 688-4300
Attorney for Plaintiff EMILE HUGGINS